# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHARLES CONEY, <br><br> *Plaintiff,* <br><br> v. <br><br> MACON-BIBB COUNTY, GEORGIA; and ROBERT A. B. REICHERT in his official capacity as Mayor of Macon-Bibb County, Georgia, and in his individual capacity; <br><br> *Defendants.* | CIVIL ACTION NO. <br> 5:19-cv-00145-TES |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ROBERT A. B. REICHERT, IN HIS INDIVIDUAL CAPACITY

Plaintiff Charles Coney, an African-American, served as Macon-Bibb County's assistant county manager and applied for the position of county manager, but was not interviewed for the position. Defendant Robert A. B. Reichert, the mayor, instead offered the position to two other men, both white. Both rejected the position. The County then suspended the search and appointed Plaintiff, along with a white woman, to serve as co-interim county manager.

Defendant Reichert next appointed a third man, also white, as interim county manager. Once again, the interim appointee asked to be removed, leaving the county manager position vacant. Finally, Defendant Reichert appointed a fourth person—who also happened to be an African-American man—to the permanent county manager

position. As a result, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981 alleging violations of the Equal Protection Clause of the Fourteenth Amendment to redress Plaintiff's right to be free from race discrimination and retaliation under the United States Constitution.

Only properly served in his official capacity, Defendant Reichert now seeks dismissal of Plaintiff's claims asserted against him in his individual capacity pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Upon a review of the record, applicable law, and the parties' briefs, the Court **GRANTS** the Motion to Dismiss [Doc. 24] filed by Defendant Reichert, in his individual capacity,[1] for the following reasons.

## PROCEDURAL BACKGROUND

To begin, Plaintiff filed an Employment Discrimination Complaint with the Equal Employment Opportunity Commission ("EEOC") on May 18, 2018. [Doc. 1 at ¶ 19]. Shortly thereafter, the EEOC issued a Notice of Right to Sue informing Plaintiff that he had 90 days within receipt of the notice to file a lawsuit. [*Id.* at ¶ 20]; *see also* [Doc. 1-3]. With three days remaining in the 90-day period, Plaintiff filed his Complaint. [Doc. 1].

After filing his Complaint, the Clerk of Court issued two summonses. The first summons was issued to "Robert A. B. Reichert, Mayor as an Individual for Macon-Bibb

---

[1] Unless otherwise noted, all references to Defendant Reichert will be to his individual capacity.

2

County Board of Commissioners" and the second summons was issued for "Robert A. B. Reichert, Mayor Officially and for Macon-Bibb County Board of Commissioners." [Doc. 3 at p. 1]; *see also* [Doc. 4 at p. 1]. Both summonses were served on November 27, 2018, to "Judd Drake, who is designated by law to accept service of process on behalf of Macon-Bibb Co. Board of Commissioners/Mayor Reichert."[2] [Docs. 5, 6]. Twenty days later, Defendants filed their Answer stating that "Defendant Reichert has not been served in his individual capacity." [Doc. 7 at p. 2].

Under the Federal Rules of Civil Procedure, there is a 90-day period governing the time to perfect service, which expired on December 27, 2018. *See* Fed. R. Civ. P. 4(m). Yet, on February 6, 2019, presumably at Plaintiff's request, the Clerk of Court issued another summons to "Robert A. B. Reichert, Mayor as an Individual Macon-Bibb County Board of Commissioners." [Doc. 14 at p. 1]. This summons was served on February 13, 2019, to "Crystal Jones, who is designated by law to accept service of process on behalf of Macon-Bibb County Board of Commissioners."[3] [Doc. 18 at p. 2]. The time between Plaintiff's filing of his Complaint and Defendant Reichert's dismissal

---

[2] The manner in which Plaintiff quotes this passage makes it appear as this is accepted fact. However, a close examination of the actual exhibit shows this language to be quoted from Form AO 440, Summons in a Civil Action. Deputy Joretta Smith, the deputy serving the summons, wrote in the words "Judd Drake" and "Macon-Bibb County Board of Commissioners/Mayor Reichert" on the preprinted form. Of course, the Plaintiff cites no ordinance, statute, or official designation to support his naked assertion that Mr. Drake is authorized to accept service on behalf of Mayor Reichert in his individual capacity. And, it goes without saying, that Deputy Smith's conclusion that Mr. Drake is authorized to accept service *by law* doesn't make it so.

[3] *See* n.2, *supra*. Again, Deputy Smith wrote in the words "Crystal Jones" and "Macon-Bibb County Board of Commissioners" on the preprinted form. [Doc. 18 at p. 2].

motion spans 7 months and 18 days. For 230 days, Plaintiff failed to serve Defendant Reichert in his individual capacity and in that time period, Plaintiff was aware of the service deficiency for 150 of these days—since the date Defendant Reichert filed his Answer. Never having received a summons and a copy of the Complaint, Defendants filed a Motion to Dismiss for insufficient service. [Doc. 24]. After consideration of Defendant Reichert's brief and Plaintiff's response, the Court rules as follows.

## DISCUSSION

### A. Motion to Dismiss for Lack of Service of Process

Federal Rule of Civil Procedure 4(e) requires service to an individual be made by following state law or by: (1) delivering a copy of the summons and of the complaint to the individual personally, (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. It is the responsibility of a plaintiff to effect proper service on a defendant within the time allowed. Fed. R. Civ. P. 4(c)(1); *see also Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1280–81 (11th Cir. 2007). "Generally, a government employee sued in his individual capacity must be personally served." *Reeves v. Wilbanks*, 542 F. App'x 742, 747 (11th Cir. 2013). While federal procedural law undoubtedly controls in this case, the Federal Rules of Civil Procedure provide that a plaintiff must follow state law to properly effect service.

In Georgia, service of process "must be made on an actual agent" and not "merely an apparent agent." *Headrick v. Fordham*, 268 S.E.2d 753, 755 (Ga. Ct. App. 1980). The Georgia Court of Appeals has held that "service on a non-agent in [the Defendant's] office is not good service." *News-Press Pub. Co. v. Kalle*, 326 S.E.2d 582 (Ga. Ct. App. 1985). A secretary within a defendant's office, unless specifically authorized, is not able to accept service for the defendant personally. *See id.* at 583; *Headrick*, 268 S.E.2d at 754.

If proper service of process is not effected on a defendant within 90 days of the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the courts shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause for failure to effect service is an excuse "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam) (discussing "good cause" under the former Rule 4(j)), *superseded in part by Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 n.2 (11th Cir. 2005). Good cause does not exist when a plaintiff serves an unauthorized party instead of the defendant, even if "the plaintiff[ ] might have had good reason to think" the party was authorized. *Lepone-Dempsey*, 476 F.3d at 1282.

5

B.  **Plaintiff Failed to Serve the Complaint on Defendant Reichert, Individually**

Here, there is no evidence that either Judd Drake or Crystal Jones was authorized to accept service on behalf of Defendant Reichert in his individual capacity, and Defendants raised this insufficient-service-of-process defense in their Answer. *See* [Doc. 7 at p. 2]. In return, Plaintiff did not ask what was deficient about the service. He did not ask for an extension of time to perfect service, even after Defendants raised service issues with ten days remaining under Rule 4(m). Plaintiff did not ask whether the attorney representing Defendant Reichert in his individual capacity would accept service for her client pursuant to Rule 4(e)(2)(C) nor did Plaintiff request a waiver of service pursuant to Rule 4(d). Perhaps most notable is Plaintiff's failure to attempt service on Defendant Reichert at his home.

Instead, nearly two months after Defendant filed his Answer raising the 12(b)(5) defense, Plaintiff issued a second summons also naming Reichert in his individual capacity. This time, however, Crystal Jones accepted service of the Complaint, but only "on behalf of Macon-Bibb Co. Board of Commissioners"—a Defendant who was already served. [Doc. 18 at p. 2]. Crystal Jones and Judd Drake (the person who accepted the earlier summonses) are in-house attorneys for the county, and neither are able to accept individual-capacity service for Defendant Reichert. This second inadequate summons was issued February 6 of the next year, some 41 days after the expiration of Rule 4(m)'s 90-day period to perfect service.

Plaintiff has not shown good cause for his failure to properly effect service upon Defendant Reichert. Plaintiff has not alleged that Defendant Reichert evaded personal service or attempted to conceal a defect in service. As Defendant Reichert states, "the conspicuous nature of his public office makes him regularly accessible to members of the community, and, as such, it would not be difficult to locate him for purposes of personally serving him in his individual capacity." [Doc. 24-1 at p. 5, n.1]. It simply can't be that hard to serve the Mayor of Macon-Bibb County.

In response to Defendant Reichert's Motion, Plaintiff blames the Bibb County Sheriff's Office for his own mistakes. Plaintiff claims that "[c]learly, the plain wording of the summons[es] shows that it was to serve the defendant in his individual capacity." [Doc. 30 at p. 5]. And yet Plaintiff's first summons states that it is for "Robert A.B. Reichert, Mayor as an Individual *for Macon Bibb County Board of Commissioners*." [Doc. 5 (emphasis added)]. Plaintiff's second summons, which was supposed to fix the deficiencies of the first, minimally changed the wording and was addressed to "Robert A.B. Reichert, Mayor as an Individual *Macon Bibb County Board of Commissioners*." [Doc. 18 (emphasis added)]. Plaintiff included the Macon Bibb County Board of Commissioners on a summons intended for an individual and then sent that summons to City Hall. Due to the confusing wording of the summons, it is understandable that Deputy Smith delivered the summons to City Hall each time. And still, Plaintiff refuses to accept blame for the lack of service. He easily could have hired a private process

server or anyone to deliver the Complaint and Summons to the mayor. Just as easily, he could have listed the mayor's home address on the summons.

It is entirely within the Court's discretion to dismiss a complaint without prejudice that has not been properly served within 90 days. Fed. R. Civ. P. 4(m). *See also Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008); *Lepone-Dempsey*, 476 F.3d at 1281–82. This is true, even if the statute of limitations for the original action has already run, making "the dismissal . . . tantamount to a dismissal with prejudice." *Melton*, 262 F. App'x at 922.

Plaintiff claims that he "understands the logical difference between individual and official capacity" and that "it [is] abundantly clear that the [D]efendant has been proper [*sic*] served." [Doc. 30 at p. 5–6]. Notwithstanding this bold assertion, Plaintiff is wrong. All that is abundantly clear from the record is that Plaintiff has long since passed his deadline to perfect service and he has made minimal attempts to adhere to federal procedural rules regarding service. As such, the Court **DISMISSES** Plaintiff's claim against Defendant Reichert in his individual capacity for his failure to properly serve him.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Defendant Robert A. B. Reichert in his Individual Capacity [Doc. 24]. Consequently,

only Plaintiff's claims against Defendant Reichert in his official capacity are permitted to proceed.

**SO ORDERED**, this 28th day of June, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**