IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLES CONEY,<br><br>*Plaintiff,*<br><br>v.<br><br>**MACON-BIBB COUNTY, GEORGIA,** and **ROBERT A. B. REICHERT in his official capacity as Mayor of Macon-Bibb County, Georgia, and in his individual capacity,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:19-cv-00145-TES** |

**ORDER GRANTING STAY**

Sadly, on September 16, 2020, the Plaintiff in this case suddenly and unexpectedly passed away. The following day, his counsel filed a Suggestion of Death [Doc. 59] on the record and contemporaneously requested the Court to stay all deadlines in the case. [Doc. 60]. The Court granted in part Plaintiff's Motion to Stay [Doc. 60], giving his counsel an additional 30 days to respond to Defendants' then-pending Motion for Summary Judgment [Doc. 51]. *See* [Doc. 61]. However, the Court did not indefinitely grant all deadlines as Plaintiff requested. [Doc. 61].

In all candor, when Plaintiff's counsel filed his Suggestion of Death, the Court mistakenly believed that he had started the 90-day clock[1] to substitute an appropriate

---
[1] Pursuant to Federal Rule of Civil Procedure 25(a):

party to carry on the case, should the personal representative determine that he or she could continue the case or even wanted to do so. Thus, the Court did not want to modify the time limits (assuming it could) mandated by Congress in Federal Rule of Civil Procedure 25. Hence, the Court granted Plaintiff's counsel more time, but did not agree to extend "all" deadlines. [Doc. 61].

Plaintiff's counsel filed a memorandum in response to Defendants' Motion for Summary Judgment, whereby he included a footnote[2] insinuating that the Court forced him to file such a response. [Doc. 67, p. 1 n.1]. While it is true that the Court's deadline was approaching, nothing in the Court's Order [Doc. 61] or practice would have reasonably prohibited or even discouraged Plaintiff's counsel from asking for additional time to respond and explaining that the Ben Hill County Probate Court had

---

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1)

[2] The relevant footnote states in part:

> This Court did not grant the motion for stay but gave counsel some additional time to file a response to the defendants' motion for summary judgment. Counsel for Plaintiff files this response because he was ordered to do so but believes that this matter should have been stayed until a party could be substituted for Plaintiff.

[Doc. 67, p. 1 n.1].

not yet appointed a personal representative for Plaintiff's estate. Had he done so, the Court certainly would have granted him more time.

In the interim, the Court researched the Suggestion of Death that was filed and grew concerned that it was ineffective and did not begin the 90-day clock as the Court originally thought. The Court issued an Order to Show Cause [Doc. 68] why the Suggestion of Death was effective under Federal Rule of Civil Procedure 25(a) and provided an opportunity for each side to weigh in on the matter. [Doc. 68]. After an opportunity to respond, the parties agree that the Suggestion of Death on record is ineffective to begin the 90-day clock set by Rule 25. [Doc. 75]; [Doc. 76].

Accordingly, the Court **STAYS** this case until further order of the court. After the Ben Hill County Probate Court appoints a personal representative, Plaintiff's counsel can move for substitution. If that court doesn't timely name a personal representative, the Defendant can then file its own Suggestion of Death and serve Plaintiff's two heirs with it, starting the clock.

Assuming the Ben Hill County Probate Court appoints a personal representative, then Plaintiff's counsel can consult with her and she can ratify the pleadings already filed or, the personal representative can request that the Court withdraw the filed responses and allow her to file her own response.

**SO ORDERED**, this 1st day of December, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
