# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CHARLES CONEY,**  *Plaintiff*,  v.  **MACON-BIBB COUNTY, GEORGIA,** and **ROBERT A. B. REICHERT**, in his official capacity as Mayor of Macon-Bibb County, Georgia,  *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00145-TES** |

## ORDER OF DISMISSAL

On September 28, 2018, Plaintiff Charles Coney filed this civil rights action against Defendants Macon-Bibb County, Georgia, and Robert A. B. Reichert in his official capacity as Mayor of Macon-Bibb County, Georgia, alleging race-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* [Doc. 1]. During the course of these legal proceedings, Plaintiff unexpectedly passed away. Plaintiff's counsel filed a Suggestion of Death [Doc. 59] on the record, pursuant to Federal Rule of Civil Procedure 25, notifying the Court of his client's death on or about September 16, 2020. [Doc. 59]. In response, the Court issued an Order to Show Cause [Doc. 68] as to why the Suggestion of Death was effective under Rule 25(a).

By way of background, "[a] valid suggestion of death under Rule 25(a) requires two conditions." *Schmidt v. Merrill Lynch Tr. Co.*, No. 5:07-cv-382-Oc-10GRJ, 2008 WL 2694891, at *2 (M.D. Fla. June 30, 2008). First, the suggestion of death must by filed on the record by an individual with the authority to do so. *Id.* (citing *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969)). And second, the suggestion of death must be properly served in accordance with Rule 25(a)(3). *Id. (*citing Fed. R. Civ. P. 25(a)(3)). In its Order to Show Cause, the Court expressed concern regarding the first requirement—whether Plaintiff's counsel acted with the requisite legal authority when he filed the Suggestion of Death on the record *See generally* [Doc. 68].

Counsel for both parties responded, and upon discussion of the applicable caselaw, agreed that the Suggestion of Death filed on September 17, 2020 was invalid. *See* [Doc. 75]; [Doc. 76]. To be clear, the issue of whether a suggestion of death is valid in an action such as this is particularly important to determine. The Eleventh Circuit Court of Appeals "has recognized that once a suggestion of death has been properly filed, a district court is 'empowered to set a time limit within which a substitution ha[s] to be consummated,' after which a case may be dismissed." *Broyles v. McCane*, No. 7:04-cv-118 (HL), 2006 WL 2452486, at *1 (M.D. Ga. Aug. 23, 2006) (quoting *Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 411 (11th Cir. 1996)). This recognition presumably arises from the very language of Rule 25(a), which states that:

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "[B]ecause the act of filing a [suggestion] of death on the record has the potential to have a dispositive impact on the underlying litigation, only [suggestions] of death filed by persons acting with authority should be given effect under Rule 25(a)." *Schmidt*, 2008 WL 2694891, at *2.  Since the Court concluded that Plaintiff's counsel did not act with the requisite authority under Rule 25(a), the Suggestion of Death that he filed did not trigger the 90-day limitation.

However, since reaching that conclusion, a subsequent Suggestion of Death [Doc. 82] was filed on the record on January 19, 2021—this time by defense counsel.[1] Defense counsel then filed an Affidavit of Service [Doc. 83] indicating that the Suggestion of Death had been properly served on the appointed Administrator of the Estate of Charles Coney on January 20, 2021, thereby satisfying the second requirement under Rule 25(a). *See* [Doc. 83]; [Doc. 83-1]; [Doc. 83-2]. Accordingly, the parties had 90 days from the date the valid Suggestion of Death was filed to then move to substitute a party

---

[1] "In practice, it is not unusual for a defendant to suggest death upon the record to impose upon the plaintiff's side the obligation to move for the substitution of a party, as a tactical maneuver of an adversary premised upon expediating the action or getting it dismissed." *Schmidt v. Merrill Lynch Tr. Co.*, No. 5:07-cv-382-Oc-10GRJ, 2008 WL 2694891, at *2 (M.D. Fla. June 30, 2008) (quoting *Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 599 (D. Kan. 2000)).

for the deceased. The period for substitution expired without either party filing the requisite motion or requesting an extension of time to file under Federal Rule of Civil Procedure 6(b). Therefore, based upon the clear, mandatory language of Rule 25(a)(1), the Court **DISMISSES** this action for failure to substitute a party for the deceased Plaintiff.[2]

      **SO ORDERED**, this 20th day of April, 2021.

                                S/ Tilman E. Self, III
                                **TILMAN E. SELF, III, JUDGE**
                                **UNITED STATES DISTRICT COURT**

---

[2] As a result of this dismissal, the Court **terminates** Defendant's Motion for Summary Judgment [Doc. 51], Plaintiff's Notice of Objection and/or Motion to Strike [Doc. 63], Plaintiff's Request for Oral Hearing [Doc. 64], and Defendant's Objection to Paragraph 10 of the Affidavit of Dale Walker [Doc. 73] **as moot**.